UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KESEAN McKENZIE-SMITH,

Petitioner,

vs.

MARK MILLER, *Superintendent of Green Haven Correctional Facility*,

Respondent.

---

DECISION AND ORDER

24-CV-6570-MAV

In October 2024, Petitioner Kesean McKenzie-Smith filed a petition under 28 U.S.C. § 2254 for habeas relief from his 2013 conviction for felony murder, robbery, and attempted robbery. ECF No. 1. The matter is presently before the Court on Petitioner's motion to stay the proceedings so that he can "exhaust unexhausted legal claims." ECF Nos. 30, 31. Respondent maintains that the motion should be denied because it is unclear from Petitioner's motion precisely which claims he seeks to exhaust, and because the claim he most likely seeks to exhaust has been procedurally defaulted and thus cannot provide a basis for habeas relief. ECF No. 33.

Because Petitioner has filed his motion *pro se*, his papers have been "construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citation omitted). Nevertheless, after a thorough review of the parties' papers, the Court finds that Petitioner has not demonstrated sufficient grounds for a stay.

## LEGAL STANDARD

Before a federal district court may grant habeas relief to a state prisoner under 28 U.S.C. § 2254, the petitioner must demonstrate that he "has exhausted the remedies available in the courts of the State" for each of the grounds raised in his petition, or he must show the absence or ineffectiveness of a state process to protect his rights. 28 U.S.C. § 2254(b)(1). "State remedies are deemed exhausted when a petitioner has: (i) presented the federal constitutional claim asserted in the petition to the highest state court . . . and (ii) informed that court . . . about both the factual and legal bases for the federal claim." *Ramirez v. Attorney Gen. of the State of N.Y.*, 280 F.3d 87, 94 (2d Cir. 2001) (citations omitted). Where a single habeas petition presents some claims that have been exhausted in the state courts and some that have not, it is considered a "mixed petition." *Rhines v. Weber*, 544 U.S. 269, 271 (2005); *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001), *as amended* (June 26, 2001), *as amended* (Aug. 17, 2001).

Until the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted in 1996, the "district court [was required to] dismiss [the] mixed petition[ ], leaving the prisoner with the choice of returning to state court to exhaust [her] claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Since the enactment of the AEDPA, however, "the Supreme Court [has] permitted federal courts to 'stay and abey' such mixed petitions, whereby the district court would dismiss any unexhausted claims from the mixed petition, stay the remaining exhausted claims, and permit the

petitioner to subsequently amend the original petition to add the newly exhausted claims at the conclusion of the state-court proceedings." *O'Neill v. Deml*, 149 F.4th 239, 242 (2d Cir. 2025) (citing, inter alia, *Pliler v. Ford*, 542 U.S. 225, 230–31 (2004)).

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). However, "[e]ven where stay and abeyance is appropriate [relative to a federal habeas petition], the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in" the AEDPA. *Rhines*, 544 U.S. at 277. Therefore, a district court should deny a habeas petitioner's motion for a stay to pursue unexhausted state claims unless he can show (1) good cause for his failure to exhaust, (2) that his unexhausted claims are potentially meritorious, and (3) that he did not engage in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278.

## DISCUSSION

In his October 2024 petition, Petitioner alleged multiple grounds for habeas relief, including: (1) the legal insufficiency of the evidence, (2) the trial judge's allegedly erroneous evidentiary rulings related to defense counsel's cross-examination of a witness, (3) the trial judge's failure to instruct the jury regarding the "presumption of recent possession," (4) the denial of Petitioner's right to be present at material stages of jury selection, and (5) the imposition of an illegal sentence. ECF No. 1. Petitioner filed an amended petition in June 2025 making the same allegations. ECF No. 11.

In late November 2025, Respondent filed his answer and opposition to the petition, arguing in pertinent part that Petitioner's claim regarding the trial court's failure to instruct the jury regarding the "presumption of recent possession" "does not provide a basis for habeas relief because it is unexhausted and procedurally defaulted." ECF No. 27 at 28.

Rather than file a direct reply to Respondent's arguments, Petitioner notified the Court of his intent to submit an application for a "Stay and Abey Order" so that he could exhaust his "alleged unexhausted claims." ECF No. 30. In February 2026, he filed the instant single-page motion to stay, noting that it was not his intention to submit a "mixed claim" petition, and that he wanted to return to state court to exhaust his unexhausted legal claims. ECF No. 31. He stated that "[t]he essential nature of the claims [he seeks to exhaust] involves accomplice liability in a felony murder prosecution, with direct admissions from one of the alleged co-defendants of having committed the crime. Numerous objections were raised by trial counsel that 'prejudice would ensue from circumstantial inferences . . . .' [but] the trial court proceeded to permit said inferences." *Id.* at 1.

In opposing the motion, Respondent infers that Petitioner seeks to exhaust his claim regarding the trial court's jury instructions and again points out that this claim is procedurally defaulted and thus cannot provide a basis for habeas relief. ECF No. 33 at 4. Given the ambiguity of the claims Petitioner seeks to exhaust in state court, however, the Court declines at this stage to engage the merits of Respondent's argument regarding Petitioner's habeas claims about the trial court's jury

instructions, particularly since Petitioner has yet to reply to Respondent's opposition papers.

Instead, the Court finds that a stay is not appropriate here because Petitioner has failed to demonstrate good cause for his failure to exhaust his claim in state court prior to filing his habeas petition in federal court. As the Supreme Court has stated, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277. Here, Petitioner is not clear about *which* claims he seeks to exhaust, let alone *why* he failed to exhaust them. Consequently, Petitioner has failed to meet his burden and his motion to stay must be denied.

**CONCLUSION**

For the reasons discussed above, it is hereby ORDERED that Petitioner Kesean McKenzie-Smith's motion to stay [ECF No. 30] is DENIED without prejudice to refiling a more specific request; and it is further

ORDERED that if Petitioner elects not to file another motion to stay, his reply to Respondent's opposition papers is due on or before **November 13, 2026**.

SO ORDERED.

DATED: September 30, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge